Filed 6/24/21  P. v. Groves CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , <br><br> Plaintiff and Respondent, <br><br> v. <br><br> REGGIE GROVES, <br><br> Defendant and Appellant. | F080102 <br><br> (Super. Ct. No. BF176360A) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Smith, J. and De Santos, J.

Appointed counsel for appellant Reggie Groves asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436. Groves was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. To date, no supplemental brief has been filed. Finding no arguable error that would result in a disposition more favorable to Groves, we affirm.

## PROCEDURAL HISTORY

On June 24, 2019, the Kern County District Attorney's Office filed an information charging Groves with four counts of committing a lewd or lascivious act on a child under the age of 14 (Pen. Code,[1] § 288, subd. (a), counts 1, 2, 3 & 5), and one count of oral copulation or sexual penetration of a child under the age of 10 (§ 288.7, subd. (b), count 4). As to counts 1 through 3 and 5, the information further alleged special circumstances based upon the fact that the offenses were committed against multiple victims (§ 667.61, subd. (e)(4)), and the victims were under the age of 14 (*id*., subd. (j)(2)).[2]

On August 28, 2019, during jury selection, Groves entered an open plea of guilty to all counts. In addition, he admitted the special circumstances alleged in the amended information. The trial court indicated that it would impose the indeterminate sentences associated with each count concurrently, rather than consecutive to one another.

On September 25, 2019, the trial court sentenced Groves to a prison term of 25 years to life on count 5. On counts 1 through 3, Groves was sentenced to 25 years to life, to be served concurrent with the sentence imposed on count 5. On count 4, he was

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] The information initially alleged counts 1 through 3, and count 5 carried a sentence of life without the possibility of parole (§ 667.61, subd. (j)(1)). The information was amended by interlineation to allege a possible sentence of 25 years to life in state prison (§ 667.61, subd. (j)(2)). Defense counsel did not object to the amendment.

sentenced to a term of 15 years to life, which was also imposed concurrent with count 5. In addition, the trial court imposed various fines and fees without objection by Groves.

On October 9, 2019, Groves filed a timely notice of appeal. He did not request a certificate of probable cause.

## STATEMENT OF FACTS

As the parties stipulated to a factual basis for the plea, we only briefly recite the facts supporting Groves's conviction:

On January 7, 2019, Groves reported to the police that he had sexually molested three separate victims. During the course of an investigation, Groves's spouse told a sheriff's deputy that Groves had previously admitted to fondling one of the victims and on another occasion, Groves had admitted to orally copulating one of the victims. When Groves was voluntarily interviewed by a sheriff's deputy, he admitted to molesting three separate victims on 10 different occasions, to orally copulating one of the victims, and to tricking one of the victims into orally copulating him.

## DISCUSSION

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment of conviction is affirmed.